Theodore E. WEATHERBEE, by
his next friend and agent;
Cheryl L. VECCHIO

v.

Estelle RICHMAN in her official capac-
ity as Secretary of the Commonwealth
of Pennsylvania Department of Public
Welfare, Appellant.

No. 09–1399.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) Oct. 30, 2009.

Filed Nov. 12, 2009.

Rene H. Reixach, Esq., Woods Oviatt Gilman, Rochester, NY, Kemp C. Scales, Esq., Titusville, PA, for Theodore E. Weatherbee, Cheryl L. Vecchio.

Jason W. Manne, Esq., Office of General Counsel Department of Public Welfare, Robert A. Willig, Esq., Office of Attorney General of Pennsylvania, Pittsburgh, PA, for Appellant.

Before: SMITH, FISHER, and NYGAARD, Circuit Judges.

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

This cause was raised by Theodore Weatherbee as a complaint for declaratory judgment and injunctive relief. Following a hearing on the Pennsylvania Department of Welfare's motion to dismiss, the District Court: converted the motion to dismiss into summary judgment; denied the motion; precluded the Department from denying Medicaid benefits to Weatherbee; and, closed the case. The facts and procedures are well known to the parties and are discussed in the District Court's opinion. Hence, we will not reiterate them here.

Two basic issues are raised on appeal. The Department of Public Welfare asserts that the annuity purchased by the community spouse in this case is properly regarded as a "resource" for purposes of Medicaid eligibility, and is therefore a proper basis to deny Weatherbee benefits under the Medical Assistance Long–Term Care program. The Department also argues that the District Court did not provide sufficient notice of its conversion of the motion to dismiss into summary judgment, prejudicing its case.

■ 42 U.S.C. § 1396p generally governs the transfer of assets by Medicaid applicants and their spouses. We find that the District Court properly stated that the changes brought about by the Deficit Reduction Act are not ambiguous and must be read within the larger context of the longstanding rule that community spouse income is not available to an institutionalized spouse. 42 U.S.C. § 1396r–5. Therefore, contrary to the Department's interpretation, § 1396p(e)(4) cannot be regarded as a basis by which it may deny eligibility for benefits where the annuity otherwise complies with the law. In this case it is clear that the community spouse gave up a "resource" in exchange for a guaranteed "income," as it is defined in 42 U.S.C. § 1382a(2)(B).

Moreover, the Department of Welfare's assertion that the annuity is a resource because it could be sold on a secondary market is fundamentally flawed. As we stated in a prior decision, impediments to a transfer that may incur legal liability for the owner of the asset preclude consideration of that asset as a resource. *James v. Richman*, 547 F.3d 214, 218 (3d Cir.2008).

■ Finally, we agree with the District Court that the state law referenced by the Department is preempted. States that elect to participate in the Medicaid program must comply with eligibility requirements set by the Federal government. 42 U.S.C. § 1396(a)(10)(C)(i). The eligibility requirements established by the states may be more liberal than those of the Federal government, but they may not be more restrictive. 42 U.S.C. 1396(a)(10)(C)(i)(III). In this case, the Department of Welfare argues that it may rely on 62 P.S. § 441.6(b) to substantiate its decision to deny benefits. However, we read the statute as narrowing the annuity exemption from Medicaid eligibility analysis, and therefore conclude that the District Court properly regarded this state statute as conflicting with federal law. The District Court did not err in ruling that 62 P.S. § 441.6(b) is preempted. For all of these reasons, the District Court did not err in finding that the Department of Welfare improperly denied Weatherbee eligibility for Medicaid benefits.

■ With regard to the District Court's handling of the Department of Welfare's Motion to Dismiss, the Department argues that the District Court did not provide sufficient notice of its intent to convert the motion to dismiss into a motion for summary judgment. A district court must provide the parties " 'reasonable opportunity' to present all material relevant to a summary judgment motion." *In re Rockefeller Center Properties, Inc. Securities Litigation,* 184 F.3d 280, 288 (3d Cir.1999), (citing Fed.R.Civ.P. 12(b)). However, a failure to provide proper notice is not cause for reversal where the error is harmless. *Id.*

The Department of Welfare claims prejudice on the basis that it was not able to break down the annuity to determine the portion that was income and the portion that was "resource." This calculation is irrelevant to the holding. The Department also claims that it was not able to gather other guidance from the Centers for Medicare and Medicaid Services that might have been instructive or clarifying in its case. However, the Department fails to state that such guidance actually existed, and provides us with no reason to believe that it would have been decisive, given that the guidance proffered by the Department and considered by the District Court essentially restates the provisions of the statute. Moreover, Weatherbee correctly notes that the Department had fifteen months to prepare for argument on its motion to dismiss. For these reasons, even were we to conclude that the District Court erred, we find that the Department was not prejudiced.

For all of these reasons, we will affirm the order of the District Court.